UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20717-CR-GRAHAM

UNITED STATES OF AMERICA,

vs.

MICHAEL DUARTE,
and YAMIL MEDINA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Yamil Medina's Motion to Suppress Evidence [D.E. 33].

The motion was referred to United Stats Magistrate Judge Edwin G. Torres on October 8, 2009 [D.E. 34]. On October 24, 2009, the Magistrate Judge issued a Report [D.E. 42] recommending that the motion to suppress be denied. On October 26, 2009, Defendant filed objections to the Report and Recommendation and requested a hearing before this Court on the motion to suppress [D.E. 43]. The court held oral argument on October 30, 2009 [D.E. 46].

**THE COURT** has conducted a <u>de novo</u> review of the file and is otherwise fully advised in the premises.

Defendant argued that his three and a half hour detention, which occurred without a warrant or probable cause, was excessive and unreasonable and, therefore, he did not voluntarily consent to the search of his wallet. Although the Magistrate Judge determined that Defendant's detention was unlawful, he also concluded that

Defendant's consent to the search of his wallet was voluntary and not a product of his illegal seizure.

"For consent given after an illegal seizure to be valid, the Government must prove two things: that the consent is voluntary, and that the consent was not a product of the illegal seizure." United States v. Santa, 236 F.3d 662, 676 (11th Cir. 2000). "Three factors to be considered in determining whether a voluntary consent was obtained by exploitation of an illegal seizure are: the temporal proximity of the seizure and the consent, the presence of intervening circumstances, and, particularly, the purpose and flagrancy of the official misconduct." Santa, 236 F.3d at 677.

With regard to the first factor, courts have been more likely to exclude evidence where the time period between the seizure and the consent was short. See Santa, 236 F.3d at 677 (evidence excluded where consent to search was given three minutes after DEA agent entered residence and handcuffed defendant); United States v. Chanthasouxat, 342 F.3d 1271, 1280 (11th Cir. 2003)(evidence excluded where time period between illegal stop and consent to search was only three minutes). In United States v. Delancy, the Eleventh Circuit reiterated that "if the period of time is extremely short, this factor weighs in favor of exclusion." Delancy, 502 F.3d 1297, 1310 (11th Cir. 2007). However, the court also found that given the facts of that case, "timing was not the most important factor." Delancy, 502 F.3d at 1297.

In Delancy, the police conducted a protective sweep of a residence before obtaining consent from the owner to search the home. The time between the protective sweep and consent was about twenty minutes. Although the Eleventh Circuit described the time period between the sweep and the consent as "close in time", it decided that the temporal factor was not as important in this case because the owner was not handcuffed or detained, the interaction was "conversational in tone," and the owner was not threatened in any way. Delancy, 502 F.3d at 1311.

In the instant case, it appears that the Magistrate Judge relied on Delancy in determining that timing was not as important in this case. Specifically, the Magistrate Judge noted that the Defendants were watching television during their detention, the tone was calm and cooperative, neither man was handcuffed, and the officers did not threaten the Defendants or display any weapons [D.E. 42]. Based on the foregoing, the Magistrate Judge concluded that "[t]he evidence shows a lack of coercive environment which militates against a finding that the consent was a product of the illegal seizure" [D.E. 42].

In his objections to the Report on the motion to suppress, Defendant argues that his consent was a product of his illegal seizure because it occurred during his unlawful detention. It is undisputed that Defendant Medina was asked for his wallet after his interview concluded. During the evidentiary hearing, Officer

3

Barazal stated the following regarding the conclusion of Defendant's interview:

> Q: How did you conclude the interview?
>
> A: Pretty much we started walking back towards the living room and he was just going to return back over to the sofa area.
>
> Q: What happened as you were walking:
>
> A: I asked him if I could search his wallet.
>
> Q: What words did you use?
>
> ...
>
> A: Can I check your wallet for a second before you leave?

[D.E. 44, Transcript of Hearing on Motion to Suppress, 45:20-46:4]. Furthermore, on cross examination, Officer Barazal stated the following:

> A: What happened is, as we were walking out pretty much me and the Secret Service Agent asked each other – we were like looking at each other to see what else is going to go on, and that's when he tells me, "Let's check his wallet."
>
> Q: Well, at that point, you had no reason to hold him, did you?
>
> A: No.
>
> Q: And at that point, you were about ready to let

```
        him go, right?

        A:   Yes.

  ...

        Q:   And is it my understanding that you were in the
   process of letting him leave when according to you he is
   asked for his wallet?

        A:   Yes.
```

[D.E. 44, Transcript of Hearing on Motion to Suppress, 51:20-52:2; 53:15-17].

Based on the foregoing, this Court finds that Defendant Medina was still detained when he consented to the search of his wallet. From the testimony above, it is clear that the officers were in the process of letting him go, but he was not yet released. This fact alone distinguishes this case from Delancy. In Delancy, the homeowner was not detained at the time consent was given. In fact, the Eleventh Circuit noted that there was no detention whatsoever in Delancy. Delancy, 502 F.3d at 1311.

Even if there had been a short break between the detention and the consent for search (which there was not), Delancy should still be distinguished. Delancy involved a search after an illegal protective sweep of a home. In finding that timing was not as important a factor, the court focused specifically on the facts of that case. Delancy, 502 F.3d at 1311 ("on these facts, however, timing is not the most important factor"). Here, the duration of

Defendant's detention was the factor that made it unreasonable and, therefore, illegal. Thus, based on the facts of the instant case, timing is certainly an important factor.

Based on the foregoing, this Court finds that Defendant's consent to the search of his wallet was a product of his illegal detention.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that United States Magistrate Judge Edwin G. Torres' Report and Recommendation [D.E. 42] is **ADOPTED IN PART**. The Court adopts that portion of the Report that determines that there is an illegal detention (pages 1-13). However, the Court declines to adopt that portion of the Report that finds that Defendant's consent was not the product of his illegal seizure (pages 13-23). It is further

**ORDERED AND ADJUDGED** that Defendant Yamil Medina's Motion to Suppress [D.E. 33] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of November, 2009.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Judge Torres
     All Counsel of Record